1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| LUKE JAMES KOPP, | No. 2:23-cv-02631-DAD-SCR |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| S. ROBERT TICE-RASKIN, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21).  Plaintiff's action under 42 U.S.C. § 1983 names as Defendants a state court judge and an attorney.  The Complaint does not allege discernible facts but rather refers to attachments, which are similarly unclear.  *See* ECF No. 1 at 5-11.  Defendant Susan Kay McGuire moved to dismiss, arguing that she is not a state actor for purposes of liability under § 1983 and that the complaint fails to comply with Federal Rule of Civil Procedure 8.  ECF No. 6.  Defendant S. Robert Tice-Raskin moved to dismiss on the basis of absolute judicial immunity.  ECF No. 10. Plaintiff filed documents in response which fail to directly respond to the legal arguments raised in the motions to dismiss, and twice sought entry of default.[1]  *See* ECF Nos. 15, 21, 22, 28.  The Court will recommend that the motions to dismiss be granted and that this action be dismissed.

---

[1] The Clerk of the Court rightly declined to enter default on Plaintiff's first request.  ECF No. 27. Plaintiff's second request for default remains pending.

1

### I.   Legal Standard for Motion to Dismiss under Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, a court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

## II. Background Allegations

The Complaint names two Defendants: 1) Tice-Raskin, a "presiding judge"; and 2) McGuire, an attorney. ECF No. 1 at 2-3. He claims the following laws are being violated: "Article 1 Section 10.1 obligation of contracts," "Title 5 USC 556D Title 5 USC 7311," and "First Congress Session 1 chapter 20 section 35." ECF No. 1 at 4. The body of the Complaint does not allege any facts or request for relief, but refers to attachments. An attachment states "this all began" on August 31, 2018 in Nevada County Superior Court. *Id*. at 9. Plaintiff refers to a pre-trial hearing at which he was ignored by the judge and prosecutor. *Id.* He complains that the court is a for profit corporation and that he was required to have an attorney appointed to represent him, but the attorney was negligent and an arrest warrant issued. *Id*. He claims his injury is that he has not been able to clear his good name and reinstate his driver's license. *Id*. As a remedy, he seeks to have this court compel the state court to uphold the law. *Id.* at 10.

Defendants request that the Court take judicial notice of records of state court proceedings involving Plaintiff that provide additional context. ECF Nos. 6-2 and 11. In evaluating a Rule 12(b)(6) motion, "[c]ourt records are properly subject to judicial notice." *Sierra Telephone Co. Inc. v. Reynolds*, 703 F.Supp.3d 1163, 1174 (E.D. Cal. 2023). Plaintiff was charged with driving under the influence in 2018 and convicted in April 2022. ECF No. 6-2 at 6-7, 22-24. Plaintiff requested a court appointed lawyer on appeal, and Defendant McGuire was so appointed. *Id.* at 29-30, 35. McGuire sought leave of court to be relieved as counsel, citing "irreconcilable differences." *Id.* at 41-42. The court granted that request on March 4, 2024. *Id*. at 49.

## III. Analysis

### A. Rule 8

Defendants argue that the Complaint fails to comply with Federal Rule of Civil Procedure 8, and the court agrees. Rule 8(a) requires a "short and plain" statement showing that Plaintiff is entitled to relief. The body of the Complaint alleges no facts and instead refers to attachments. Some of the attachments contain frivolous allegations, such as the assertion that the state superior court is operating under Dun and Bradstreet for profit and within a "fictional Federal State." ECF No. 1 at 8. There are no specific factual allegations against Defendant Tice-Raskin other than

that his "seat on the bench is public traded on Bloomberg Markets." ECF No. 1 at 9.  There are also no specific allegations against Defendant McGuire, although Plaintiff does allege the attorney appointed to represent him "refuses to provide her FARA Statement and the Court has issued an arrest warrant against me due to her negligence." *Id.* at 9.[2]  A complaint must not force the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). Plaintiff's complaint fails to comply with Rule 8.  Generally, leave to amend would be appropriate where a complaint fails to comply with Rule 8, but here the court concludes amendment would be futile for the reasons set forth below.

### B.  The State Action Requirement

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Private parties generally do not act under color of state law for the purpose of § 1983. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  That is also true of when an attorney represents an individual under court appointment.  Even "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  Even assuming for the sake of argument that Defendant McGuire's conduct as Plaintiff's lawyer harmed Plaintiff—and there are no facts suggesting as much—there would be no state action supporting a cause of action under § 1983.  *See Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (holding attorney representing criminal defendant, "whether retained or appointed, does not act 'under color of' state law").

### C.  Judicial Immunity

"A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S.

---

[2] It appears that by "FARA," Plaintiff refers to the Foreign Agents Registration Act, 22 U.S.C. 611 *et seq*.

349, 359 (1978). Judges are immune from damages actions for judicial acts taken within the jurisdictions of their courts. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to plaintiff." *Id.* Judicial immunity, however, is not a bar to prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 542 (1984).

Plaintiff appears to name Defendant Tice-Raskin as a defendant merely because he presided over at least portions of the criminal case that resulted in Plaintiff's conviction for driving under the influence. Although Plaintiff's allegations are unclear, Defendant Tice-Raskin may have issued an arrest warrant. Presiding over a case and signing a warrant are judicial acts for which Defendant Tice-Raskin has absolute judicial immunity.

**D.  Heck v. Humphrey**

Defendants also argue that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). ECF No. 10 at 2, 9. Where a plaintiff's claim is based on a state court conviction, and a § 1983 action alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the plaintiff must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *See Heck*, 512 U.S. at 483–87. *Heck*'s "favorable termination" rule applies regardless of the form of remedy sought, if the § 1983 action implicates the validity of an underlying conviction. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997).

Plaintiff's Complaint expresses dissatisfaction with his criminal proceedings in state court. However, due to the Rule 8 defects in his pleading and vagueness of his claims, it is unclear to what extent success on those claims would necessarily imply the invalidity of his conviction. However, the damages sought, including $100,000 for 1 hour of time spent in court, and other damages for "vexatious litigation" and "simulating legal process" (*See* ECF No. 1 at 11) suggest that success in this litigation would necessarily imply the invalidity of his conviction. Plaintiff has not alleged that his conviction was invalidated on appeal, vacated, or otherwise set aside, and thus his claims may be *Heck* barred.

////

**E. Leave to Amend**

It is clear that Plaintiff fails to state a claim upon which relief may be granted and that the Complaint fails to comply with Rule 8.  However, Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Defendants' Motions to Dismiss provided Plaintiff with notice of the deficiencies in his Complaint, and Plaintiff's responses to the motions have offered no indication of how he would amend to cure the deficiencies.  Instead, Plaintiff has responded by asking the Clerk to enter default (ECF No. 15), which was denied (ECF No. 27), and by offering meritless arguments such as Defendant Tice-Raskin "is not a judge but only 'Acting' as a Judge under 'Color of law authority'." ECF No. 22 at 3.  This argument directly contradicts Plaintiff's own Complaint, which alleged that Tice-Raskin is a "presiding judge."  ECF No. 1 at 2.

The Court concludes that leave to amend as to both Defendants would be futile.  As to Defendant McGuire, amendment would be futile because of an absence of state action.  *See Torres v. Becton*, 2021 WL 1238310 at \*1-2 (N.D. Cal. 2021) (dismissing without leave to amend claim against "a private attorney appointed to represent [a criminal defendant] during [his criminal] proceedings" based on an absence of state action).  As to Defendant Tice-Raskin, amendment would be futile because he is immune to a claim for damages for his judicial acts.  *See Valencia v. Juan*, 2024 WL 1007234 at \*2 (E.D. Cal. 2024).

**IT IS HEREBY RECOMMENDED** that Defendant McGuire's motion to dismiss (ECF No. 6) be GRANTED, Defendant Tice-Raskin's motion to dismiss (ECF No. 10) be GRANTED, and this action be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE