UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE JAMES KOPP,<br><br>    Plaintiff,<br><br>    v.<br><br>S. ROBERT TICE-RASKIN, et al.,<br><br>    Defendants. | No.  2:23-cv-02631-DAD-SCR (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION WITHOUT LEAVE TO AMEND<br><br>(Doc. Nos. 6, 10, 30) |

Plaintiff Luke James Kopp, proceeding *pro se*, initiated this civil action pursuant to 42 U.S.C. § 1983 on November 14, 2023.  (Doc. No. 1.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 4, 2024, the assigned magistrate judge issued findings and recommendations recommending that defendants' motions to dismiss (Doc. Nos. 6, 10) be granted and that plaintiff's complaint be dismissed, without leave to amend, due to plaintiff's failure to comply with Federal Rule of Civil Procedure 8.  (Doc. No. 30 at 3–4.)  In particular, the magistrate judge found that there were "no specific factual allegations" that would show that plaintiff was entitled to relief as to either named defendant.  (*Id.* at 3–4.)   In addition, the magistrate judge found that plaintiff's allegations against defendant Tice-Raskin were related to judicial actions he took while presiding over plaintiff's criminal case and plaintiff's claims are therefore barred by judicial immunity.  (*Id.* at 4–5.)  Further, the magistrate judge also found that

1

1 plaintiff's allegations against defendant McGuire were related to her representation of him during
2 his criminal case, that she was not acting under the color of state law when doing so, and that
3 therefore that there was "no state action supporting a cause of action under § 1983." (*Id.* at 4.)
4 The magistrate judge also found that providing leave to amend "would be futile." (*Id.* at 6.) The
5 findings and recommendations were served on the parties and contained notice that any
6 objections thereto were to be filed within fourteen (14) days after service. (*Id.*) On September
7 16, 2024, plaintiff timely filed an affidavit that the court construes as his objections.

In his objections, plaintiff argues that his conviction is invalid because the state court lacked jurisdiction over him because the state of California itself was "in reality a corporation." (Doc. No. 31 at 10.) This is a frivolous argument[1] and does not meaningfully address the analysis in the findings and recommendations. While plaintiff has expressed his dissatisfaction with his state court criminal proceedings, his objections do not provide any basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on September 4, 2024 (Doc. No. 30) are adopted in full;

2. Defendant McGuire's motion to dismiss (Doc. No. 6) is granted;

3. Defendant Tice-Raskin's motion to dismiss (Doc. No. 10) is granted;

---

[1] While plaintiff "does not expressly state that he is a 'sovereign citizen,'" the court notes that his complaint and affidavit advance arguments that "may fall under the sovereign-citizen umbrella, the overarching unifying principle [of which] is the belief that, even though [plaintiff] physically reside[s] in this country, the state and/or federal governments lack constitutional legitimacy and therefore has no authority to regulate [his] behavior." *Caetano v. Internal Revenue Serv.*, No. 1:22-cv-00837-JLT-SAB, 2023 WL 3319158 (E.D. Cal. May 9, 2023) (collecting cases which describe and evaluate sovereign citizen arguments), *report and recommendation adopted*, No. 1:22-cv-00837-JLT-SAB, 2023 WL 4087634 (E.D. Cal. June 20, 2023).

4. Plaintiff's complaint is dismissed, without leave to amend; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __October 17, 2024__        /s/ Dale A. Drozd
                                    DALE A. DROZD
                                    UNITED STATES DISTRICT JUDGE

3